Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Daniel McGlothlin**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**ASI Capital Ventures, LLC**, an Arizona corporation; and **Charles White**, an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Daniel McGlothlin, for his Verified Complaint against Defendants ASI Capital Ventures, LLC, and Charles White hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.  Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around May 8, 2019 until on or around May 20, 2019.

9. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times, Plaintiff has been an employee of Defendants as defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

11. Defendant ASI Capital Ventures, LLC is a company, authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

12. Defendant Charles White is an Arizona resident.

13. Defendant Charles White has directly caused events to take place giving rise to this action.

14. Defendant Charles White is the owner of ASI Capital Ventures, LLC.

15. Defendant Charles White has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Charles White is an employer.

17. Defendant Charles White had the authority to hire and fire employees.

18. Defendant Charles White hired Plaintiff.

19. Defendant Charles White terminated Plaintiff.

20. Defendant Charles White supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

21. Defendant Charles White set Plaintiff's work schedules.

22. Defendant Charles White supervised Plaintiff.

23. Defendant Charles White determined the rate and method of Plaintiff's payment of wages.

24. Defendant Charles White maintained employment records in connection with Plaintiff's employment.

25. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Charles White is subject to individual and personal liability under the FLSA.

26. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27. Defendants, and each of them, are sued in both their individual and corporate capacities.

28. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29. It is Plaintiff's belief and understanding that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

32. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

## FACTUAL ALLEGATIONS

33. Defendants, together, are a construction company.

34. On or around May 8, 2019, Plaintiff commenced employment with Defendants as a Tower Tech 1.

35. Plaintiff's primary job duties included completing on-site tasks related to construction work.

36. From on or around May 8, 2019 until on or around May 20, 2019, Plaintiff was a non-exempt employee paid a rate of $22.00 an hour.

37. From on or around May 8, 2019 until on or around May 20, 2019, Defendants failed to properly compensate Plaintiff for all his overtime hours.

38. Plaintiff worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours from on or around May 8, 2019 until on or around May 20, 2019.

39. Between on or around May 8, 2019 until on or around May 20, 2019, Plaintiff worked 42 regular hours at $22.00 per hour.

40. Plaintiff is owed $924 for regular backpay hours.

41. Between on or around May 8, 2019 until on or around May 20, 2019, Plaintiff worked 8.2 overtime hours at $33.00 per hour.

42. Plaintiff is owed $280.50 for overtime hours.

43. Between on or around May 8, 2019 until on or around May 20, 2019, Plaintiff worked 2.0 hours of driving time at $22.00 per hour.

44. Plaintiff is owed $44 for regular driving time.

45. Between on or around May 8, 2019 until on or around May 20, 2019, Plaintiff worked 23.5 hours of driving passenger time at $14.00 per hour.

46. Plaintiff is owed $329 for regular driving passenger time.

47. Plaintiff is owed a total of $1,577.50 in backpay.

48. At all relevant times during Plaintiff's employment, Defendants failed to

properly compensate Plaintiff for all his overtime hours.

49. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of her employment.

50. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

51. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

52. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

53. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

54. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

55. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

56. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

57. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

58. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

59. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is

entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

60. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from in or around May 8, 2019 until in or around May 20, 2019 and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

61. Defendants have not made a good faith effort to comply with the FLSA.

62. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

65. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

66. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

67. As a direct result of the Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with the 29 U.S.C. § 206.

68. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

69. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

70. Defendants have not made a good faith effort to comply with the FLSA.

71. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

72. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

73. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

74. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

75. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

76. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT IV**
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)**

77. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Wage Statute.

79. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

80. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

81. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

82. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

   iii. violated minimum wage provisions of the Arizona Minimum Wage

Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 6, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Daniel McGlothlin

**VERIFICATION**

Plaintiff Daniel McGlothlin declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Daniel McGlothlin

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com