**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel McGlothlin,<br><br>       Plaintiff,<br><br>v.<br><br>ASI Capital Ventures LLC, et al.,<br><br>       Defendants. | No. CV-19-04895-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs (Doc. 31). Defendants have filed a Response in opposition (Doc. 32), and Plaintiff has filed a Reply (Doc. 33). The matter is fully briefed.

**I.     Background**

In August 2019, Plaintiff brought this action alleging claims under the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Statute ("AMWS"). (Doc. 1 at ¶ 54–82). Plaintiff then filed a Motion for Judgment on the Pleadings, requesting a damages award of $4,732.50. (Doc. 12 at 16). Thereafter, the parties settled this case in an "unusual" manner. (Doc. 29 at 2). In January 2020, Defendants unilaterally sent a check for the full amount of Plaintiff's trebled damages plus interest, $4,799.70. (*Id.*) Three days after receipt, Plaintiff accepted and cashed the check subject to no conditions. (*Id.*) All parties agreed that, because of the payment, there was no longer a case or controversy, and so they requested that the Court review this settlement for fairness. (*Id.*) Upon review, the Court approved the settlement and allowed Plaintiff to file a motion for

attorney fees and costs. (Doc. 30 at 2).

Plaintiff seeks a fee award under both the FLSA, 29 U.S.C. § 216(b), and the AMWS, A.R.S. § 23-364(g). (Doc. 31 at 2). He claims that because Defendants paid him treble damages plus interest, he is the prevailing party and, therefore, entitled to an award of attorney fees. (*Id.*) Defendants ASI Capital Ventures LLC ("ASI") and Charles White ("Mr. White") oppose the Motion and argue that Plaintiff was not the prevailing party simply because ASI made the "business decision" to pay Plaintiff and settle the case. (Doc. 32 at 3). Defendant also argues that, if the Court should award a fee, Mr. White should not be liable because he does not own ASI. (*Id.* at 10). For the following reasons, the Court finds sufficient authority under the FLSA to award fees and costs to Plaintiff's counsel, for which both Defendants will be jointly and severally liable.

## II.   Attorney Fee Award

A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). For FLSA actions, 29 U.S.C. § 216(b) states that courts "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant . . . ." This statute has been liberally interpreted to apply when an FLSA plaintiff prevails in a settlement before trial. *Orozco v. Borenstein*, 2013 WL 655119, at *2 (D. Ariz. Feb. 21, 2013) ("To hold otherwise would allow defendants to avoid paying plaintiff's fees and costs by simply tendering payment at any point before a final judgment is entered."). Because Plaintiff brought FLSA claims, Plaintiff is eligible for an award under the FLSA. The parties dispute whether Plaintiff is entitled to an award and what a reasonable award might be.

### a.   Entitlement

To be entitled to an award, Plaintiff must have prevailed in this matter. For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995)

(applying *Hensley's* analysis of when a plaintiff prevails to an FLSA case).

Defendants spend the bulk of their Response arguing that the settlement negotiations happened in such a way that they are, under Arizona contract law, the "successful party" on Plaintiff's "contractual wage claim." (Doc. 32 at 5). Defendants cite an Arizona statute, which says in cases "arising out of a contract" a party may make a written settlement offer, and if that offer is rejected, and the "*judgment* finally obtained is *equal to or more favorable to the offeror,*" the court may award attorney fees to the offering party. A.R.S. § 12-341.01 (emphasis added).

Whether this provision applies to the matter at hand is not clear to the Court, and, even accepting that it does, Defendants are not the successful party. Defendants argue that, because Plaintiff rejected a July 2019 offer to settle for $2,500, (Doc. 32-3 at 2), Plaintiff "did not receive an amount for the principal amount of his wages which exceed Defendants' offer made prior to the filing of suit." (Doc. 32 at 5). Defendants do not show why the Court should analyze this figure as they suggest. The facts show in January Defendants paid Plaintiff nearly twice the amount they offered six months earlier. The Court fails to see why Defendants' payment of $4,799.70 is "more favorable" to them than $2,500. *See* A.R.S. § 12-341.01. They are, quite plainly, not the successful party.

Furthermore, Defendants acknowledge there has been no judgment and that a judgment is not necessary to award attorney fees under the FLSA. (Doc. 32 at 6) (citing *Orzco*, 2013 WL 655119, at *2). Nevertheless, they argue that because there was no judgment, because Defendants paid what would amount to treble damages, and because there has been no finding that Defendants acted in bad faith, Plaintiff is not the successful party. (*Id.*) But the Court's inquiry here is focused on whether Plaintiff succeeded on a significant issue, achieving the benefit sought by the suit. *See Hensley*, 461 U.S. at 433. Clearly, after seeking a judgment on the pleadings and a damages award of $4,732.50, and then receiving a settlement amount of $4,799.70, the Court finds that Plaintiff has more-than prevailed in achieving the objective of his suit. *See id.* Therefore, Plaintiff is both eligible and entitled to an attorney fee award under the FLSA.

*b. Reasonableness*

As this will be a statutory award, the Court will use the lodestar method to assess Plaintiff's proposal. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

Plaintiff's Motion goes through the relevant *Kerr* factors and requests a total award for fees and costs of $18,986.45. (Doc. 31 at 9). Defendants, rather than proposing a different analysis of the relevant factors, cite A.R.S. § 12-341.01 again, this time for the proposition that a fee award may not exceed an amount agreed to be paid. (Doc. 32 at 8). Defendants then represent that Plaintiff counsel's fee agreement "is 40% of the gross amount collected." (*Id.* at 9). They make the assertion that "even assuming that Plaintiff was the 'successful party' on any or all claims, the amount he agreed to be charged for fees is 40% of the gross proceeds." (*Id.*) Again, the Court doubts this specific statute applies to this case, and even if it did, Plaintiff's counsel is not limited to 40%. In fact, Defendants misrepresent the nature of Plaintiff counsel's fee agreement.[1] Section 3(C) of the

---

[1] Defendants go so far as to say that "Plaintiff, through his counsel, did not tell the Court . . . that the agreed upon contingent fee was and is 40% of the gross amount collected." (Doc. 32 at 9). And yet, to evidence this agreement, Defendants cite a document that

- 4 -

agreement states that counsel shall receive 40% of the gross amount collected *or* an "award or settlement payment specifically designated for attorneys' fees and costs . . . ." (Doc. 31-5 a 3). Simply put, no authority requires the limit Defendants suggest. Therefore, the Court will carry on and evaluate Plaintiff's request for attorney fees under the *Kerr* factors.

1. Plaintiff represents this case required 52.4 hours of counsel's time. (Docs. 31 at 6: 31-1 at 4). Upon review of counsel's log, the Court finds that this is a reasonable amount of time spent on the matter.
2. There were no challenging legal questions.
3. This case required no extraordinary skill.
4. Plaintiff's counsel represents that he was not precluded from other employment. (Doc. 31 at 6).
5. Plaintiff's counsel asserts that his hourly rate of $350 is reasonable. (*Id.* at 7). The Court agrees.
6. Plaintiff's counsel worked on a contingency basis. (Doc. 31 at 7).
7. Nothing in the record indicates whether Plaintiff imposed time limitations on this matter.
8. The Complaint originally alleged that Plaintiff was owed $1,577.50 in backpay, (Doc. 1 at ¶ 47), and Plaintiff eventually settled this matter for $4,799.70.
9. According to Plaintiff's counsel, he is an experienced attorney who is familiar with FLSA matters. (Doc. 31-1 at 3). Plaintiff's counsel has been practicing law in Arizona since 2012 and is one of three partners at his firm. (*Id.*)
10. While Plaintiff's counsel does not argue that the case was undesirable, he notes that FLSA cases taken on a contingent basis involve financial risks, as there is no guarantee of fees. (Doc. 31 at 8).
11. Prior to this case, Plaintiff has never been represented by this counsel. (*Id.*)
12. Plaintiff references two cases for awards in similar actions. (*Id.*) In one of them,

---

Plaintiff submitted to the Court. In one sentence, Defendants accused Plaintiff's counsel of lacking candor toward the Court, disproved their own accusations, and demonstrated an apparent lack of candor themselves.

*Thompson v. Arizona Movers and Storage Inc.*, the court awarded $11,362 as a reasonable attorney fee after an FLSA case settled for trebled damages and costs in the amount of $2,301.16. 2018 WL 2416187, at *1 (D. Ariz. May 29, 2018).

The Court finds that this is a comparable and instructive case to the present one.

Overall, the Court finds that a reasonable rate for Plaintiff's counsel is $350 per hour and that the 52.4 hours spent are reasonable. Therefore, the Court will award Plaintiff attorney fees of $18,340.00 and costs in the amount of $646.45.

### III.    Whether Mr. White is Liable

Defendants argue that ASI should be solely liable for attorney fees because Mr. White does not own ASI. (Doc. 32 at 10). Under the FLSA, employers who violate the Act are liable to employees. 29 U.S.C. § 216(b). An employer is "any person acting directly or indirectly in the interest of an employer . . . ." 29 U.S.C. § 203(d). The Ninth Circuit gives this definition an "expansive interpretation." *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999) (en banc) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983)). Those who have "economic control" or who exercise "control over the nature and structure of the employment relationship" are considered employers for FLSA purposes. *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (quoting *Lambert*, 180 F.3d at 1012).

The fact that Mr. White does not own ASI is not dispositive. Managers may be independently liable under the FLSA. *Boucher*, 572 F.3d at 1093. Here, Defendants' Answer to the Complaint admits that Mr. White hired Plaintiff. (Doc. 11 at ¶ 18). They also admit that Mr. White determined the rate and method of Plaintiff's payment. (Id. at ¶ 23). In an affidavit, Mr. White avers that he is ASI's Chief Operating Officer. (Doc. 32-1 at 5). Given this, the Court finds Mr. White had sufficient economic control over Plaintiff such that he may be liable as an employer under the FLSA. Therefore, both Defendants are jointly and severally liable for this award of attorney fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs

(Doc. 31) is **GRANTED** under the Fair Labor Standards Act.  The Court approves an attorney's fees and costs award in the amount of $18,986.45, for which both Defendants are jointly and severally liable.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed enter judgment accordingly.

Dated this 8th day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge